UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM A. WHITE,

        Plaintiff,

v.                                      Case No: 6:14-cv-936-WWB-EJK

DONALD ESLINGER, RONALD SHAW,
JOSEPH KLINGER and DENNIS
LEMMA,

        Defendants.
                                      /

## ORDER

THIS CAUSE is before the Court on Plaintiff's Objections to the Magistrate's Order (Doc. 335), wherein Plaintiff objects to Magistrate Judge Kidd's September 3, 2021 Order (Doc. 322) denying Plaintiff's Motion for Leave to Reply (Doc. 314), which was construed as a motion for reconsideration of the Court's August 2, 2021 Order (Doc. 312). Defendants did not file a response.

In his Objections, Plaintiff claims Magistrate Judge Kidd failed to address the merits of several issues raised in his motion for reconsideration because he applied Federal Rule of Civil Procedure 59(e), which applies to final judgments, as opposed to the more liberal standard of Federal Rule of Civil Procedure 54(b). (Doc. 335 at 2). Thus, he asks this Court to remit these issues to Magistrate Judge Kidd for reconsideration under the proper standard. (*Id.* at 3).

Parties may object to orders issued by magistrate judges on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is

clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quotation omitted). "A judge of the court may accept, reject, or modify, in whole or in part, the findings . . . made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Indeed, the standard applied to reconsideration of a final order is the same standard applied when the party seeks reconsideration of a nonfinal order. *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). Here, Plaintiff has not met his burden of showing that Magistrate Judge Kidd applied the incorrect standard of law. Therefore, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Objections to the Magistrate's Order (Doc. 335) are **OVERRULED**.

**DONE AND ORDERED** in Orlando, Florida on October 26, 2021.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party