UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM A. WHITE,

    Plaintiff,

v.                                Case No: 6:14-cv-936-JSS-EJK

DONALD ESLINGER, RONALD
SHAW, JOSEPH KLINGER, and
DENNIS LEMMA,

    Defendants.
_____/

## ORDER

Defendant Donald Eslinger, the former Sheriff of Seminole County, Florida, moved for a protective order to prohibit Plaintiff, a prisoner proceeding pro se, from taking Eslinger's deposition in this 42 U.S.C. § 1983 action. (Dkt. 495.) The magistrate judge denied the motion. (Dkt. 507.) Eslinger objects to the denial. (Dkt. 515.) Plaintiff responds in opposition to the objections. (Dkt. 524.) For the reasons outlined below, the court overrules the objections and affirms the denial.

## BACKGROUND

Plaintiff is a federal inmate who was previously incarcerated at a facility overseen by the Sheriff of Seminole County. (Dkt. 250 at 13–15.) Eslinger was the Sheriff when the events about which Plaintiff complains occurred during his incarceration at the facility. (*Id.* at 15.) In the operative seventh amended complaint, Plaintiff sues Eslinger in his individual capacity for constitutional violations related to

conditions of confinement, deliberate indifference to serious medical needs, humiliating punishment by video camera, unlawful search by video camera, denial of due process, and First Amendment retaliation and for negligent infliction of emotional distress, intentional infliction of emotional distress, battery, and negligent spoliation of evidence. (*Id.* at 24–27.) Plaintiff states that Defendant Ronald Shaw, who worked for Eslinger, told Plaintiff that Eslinger and Shaw had discussed Plaintiff's conditions of confinement and "jointly decided not to alter" them. (*Id.* at 18.) In reversing a grant of summary judgment earlier in this case, the Eleventh Circuit explained that Plaintiff's statement that Eslinger and Shaw had "personally authorized" Plaintiff's conditions of confinement worked in conjunction with other allegations "to create genuine disputes of material fact." *White v. Berger*, 769 F. App'x 784, 790 (11th Cir. 2019).

## APPLICABLE STANDARDS

When a magistrate judge issues an order on a non-dispositive pretrial matter, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "Clear error is a highly deferential standard of review." *United States ex rel. Bumbury v. Med-Care Diabetic & Med. Supplies, Inc.*, 101 F. Supp. 3d 1280, 1281 (S.D. Fla. 2015) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson

*v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quotation omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 574. "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case[]law, or rules of procedure." *Merrett v. Liberty Mut. Ins. Co.*, No. 3:10-cv-1195-J-34MCR, 2013 U.S. Dist. LEXIS 135826, at *3–4 (M.D. Fla. Sept. 23, 2013) (cleaned up). "However, where the [m]agistrate [j]udge's order reflects an exercise of judicial discretion, the district court should reverse only when that discretion has been abused." *Bumbury*, 101 F. Supp. 3d at 1281 (citing *Sec. & Exch. Comm'n v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012)).

## ANALYSIS

Eslinger maintains that the magistrate judge's order denying his motion for a protective order is clearly erroneous and contrary to law for failing to apply *In re United States*, 985 F.2d 510 (11th Cir. 1993), and its progeny to prohibit Plaintiff from taking the deposition of Eslinger as a high-ranking official with no personal involvement in or knowledge of Plaintiff's claims. (Dkt. 515 at 7–16.) Eslinger states in an affidavit that he "did not have any personal involvement in or knowledge of [Plaintiff's] incarceration during [Plaintiff's] time at the jail in 2014" and that Plaintiff's assertion to the contrary is "not true." (Dkt. 515-1 ¶¶ 4–5.) Given that Eslinger allegedly "personally authorized" Plaintiff's conditions of confinement, *White*, 769 F. App'x at 790, and is being sued in his individual capacity in this case, (*see* Dkt. 250 at 24–27), *In re United States* is inapplicable here. *See Woolfolk v. Columbia County*, No. 3:07-cv-

137-J-25TEM, 2008 U.S. Dist. LEXIS 143053, at *5 (M.D. Fla. Feb. 22, 2008) (allowing a sheriff to be deposed because he was "a named defendant" and allegedly could provide relevant testimony based on his direct knowledge of the events at issue); *Kimberly Regenesis, LLC v. Lee County*, No. 2:19-cv-538-SPC-NPM, 2021 U.S. Dist. LEXIS 221239, at *15 (M.D. Fla. Sept. 29, 2021) (observing that "a lead official" is "rarely, if ever, shield[ed] from discovery when the official is directly involved in the event at issue and has personal knowledge about it" (emphasis omitted)).

Further, *In re United States* provides that "top executive department officials," like state governors and the heads of federal agencies, "should not, absent extraordinary circumstances" or a "special need," "be called to testify regarding their reasons for taking official actions," primarily because they "have greater duties and time constraints than other witnesses." 985 F.2d at 512 (quoting *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985)).  This rationale is understandably applied to current officials, as former officials do not presently have greater duties and time constraints than other witnesses by virtue of their former positions. *See Jackson Mun. Airport Auth. v. Reeves*, No. 3:16-CV-246-CWR-FKB, 2020 U.S. Dist. LEXIS 173199, at *20 (S.D. Miss. Sept. 22, 2020) ("Courts are supposed to insulate high-ranking government officials from the constant distraction of testifying in lawsuits in part because we need the government to function.  But that element of the analysis is entitled to less weight when the official has left public service.  The government is functioning without them." (quotation omitted)).  The rationale also carries less force at the municipal level than at the state and federal levels.  *See In re*

*Jury*, 621 F. Supp. 3d 1314, 1324 (N.D. Ga. 2022) ("[T]he Eleventh Circuit has so far only applied the rule [of *In re United States*] to high-ranking officials in federal agencies . . . .").

Here, Eslinger is a former sheriff. (Dkt. 515 at 16.) Accordingly, *In re United States* is at the nadir of its applicability. Eslinger argues that his retirement from the sheriff's office "should not change the outcome here" because he "is now the Executive Director of the Florida Sheriffs Risk Management Fund," a self-insurance program for Florida sheriffs. (*Id.*) Eslinger cites no legal authority to support this argument, (*see id.*), which the court finds unpersuasive, in any event. *See United States v. Markovich*, 95 F.4th 1367, 1379 (11th Cir. 2024) (holding that a criminal defendant forfeited his position when he "cite[d] no legal authority to support it"). Because *In re United States* and its progeny do not apply in this situation, the magistrate judge's order is not clearly erroneous or contrary to law for failing to apply them.

## CONCLUSION

Accordingly:

1. Eslinger's objections (Dkt. 515) to the magistrate judge's order denying his motion for protective order are **OVERRULED**.

2. The magistrate judge's order (Dkt. 507) is **AFFIRMED**.

**ORDERED** in Orlando, Florida, on October 29, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record