UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM A. WHITE,

    Plaintiff,

v.                                                                         Case No: 6:14-cv-936-JSS-EJK

DONALD ESLINGER, RONALD
SHAW, JOSEPH KLINGER, and
DENNIS LEMMA,

    Defendants.
_____/

## ORDER

In this 42 U.S.C. § 1983 action, Plaintiff, a prisoner proceeding pro se, asks the court to strike Defendant Donald Eslinger's operative answer, to enter default judgment against Eslinger, and to award Plaintiff $175 in costs under Federal Rules of Civil Procedure 30(d)(2) and 37(d) and the court's inherent power because Eslinger did not attend his deposition. (Dkt. 535.) Defendants oppose the motion because Eslinger refused to attend the deposition pending review of the magistrate judge's denial of Eslinger's motion for a protective order. (Dkt. 542.)[1] For the reasons outlined below, the court grants the motion in part and denies it in part.

---

[1] Defendants also contend that the motion should be denied for violating Middle District of Florida Local Rule 3.01(g), which requires a movant in a civil case to confer in good faith with the opposing party before the movant files most types of motions and to provide a certification with details about the conference. (Dkt. 542 at 2.) The Local Rules authorize the court to "temporarily modify or suspend the application of" Local Rule 3.01(g) if "reasonably necessary" to "advance efficiency, consistency, convenience, and other interests of justice." M.D. Fla. Loc. R. 1.01(a)–(b). Given the circumstances tied to the instant motion, the court excuses Plaintiff's noncompliance with Local Rule 3.01(g). However, the court cautions Plaintiff that he should comply with the rule in his future filings in this case to the extent that his circumstances allow.

Plaintiff is a federal inmate who was previously incarcerated at a facility overseen by the Sheriff of Seminole County, Florida. (Dkt. 250 at 13–15.) In the operative seventh amended complaint, Plaintiff brings individual- and official-capacity claims against Defendants for various constitutional violations and state torts related to events that occurred at the facility. (*Id.* at 24–27.) Eslinger was the Sheriff when the complained-of events occurred. (*Id.* at 15.) Until recently, Eslinger resisted Plaintiff's efforts to depose him and objected when the magistrate judge denied Eslinger's motion for a protective order. (*See* Dkts. 495, 507, & 515.) On October 29, 2024, the court overruled Eslinger's objections and affirmed the magistrate judge's denial. (Dkt. 555.) Soon after, the court extended the discovery deadline to December 14, 2024. (Dkt. 561 at 1; *see also* Dkt. 559.)

Contrary to Defendants' position "that the August 15, 2024 deposition would not proceed unless and until" the court ruled on the objections to the magistrate judge's denial of Eslinger's motion for a protective order, (Dkt. 542 at 4), a "district court's inaction on a party's motion for a protective order to postpone the taking of his deposition does not relieve the party of the duty to appear for the deposition," *Kelly v. Old Dominion Freight Line, Inc.*, 376 F. App'x 909, 913 (11th Cir. 2010) (citing *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979)); *accord Sutherland v. Mesa Air Grp., Inc.*, No. 98-10061-CIV-PAINE/JOHNSON, 2003 U.S. Dist. LEXIS 28818, at *13 n.10 (S.D. Fla. June 5, 2003) ("[T]he filing of a motion for protective order alone would still not have relieved defense counsel of his obligation to attend the depositions: only when the district court grants the motion does the obligation to comply with a notice

of deposition dissipate."). As a result, under Federal Rules of Civil Procedure 30(d)(2) and 37(d), the court requires Defendants to reimburse Plaintiff in the amount of $175 for the costs he incurred related to the deposition that Eslinger failed to attend.

Having reviewed the record, including the materials that Plaintiff asked the court to consider, (*see* Dkts. 552 & 557), the court determines that Plaintiff has failed to establish a basis for the other relief requested in the motion and to "unlock[ the] court's inherent power" through a showing "of bad faith," *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). This outcome is informed by the fact that, given the affirmance of the magistrate judge's denial and the extension of the discovery deadline, Plaintiff will have another chance to depose Eslinger.

Accordingly:

1. Plaintiff's motion (Dkt. 535) is **GRANTED in part and DENIED in part**.
2. The motion is **granted** as to costs, and on or before December 7, 2024, Defendants shall pay Plaintiff $175.
3. The motion is otherwise **denied**.

**ORDERED** in Orlando, Florida, on November 7, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record