UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM A. WHITE,

    Plaintiff,

v.                                              Case No: 6:14-cv-936-JSS-EJK

DONALD ESLINGER, RONALD
SHAW, JOSEPH KLINGER, and
DENNIS LEMMA,

    Defendants.
_____/

## ORDER

In this 42 U.S.C. § 1983 action, Plaintiff, a prisoner proceeding pro se, objects to the magistrate judge's order (Dkt. 562) denying three of his motions to compel (Dkts. 545, 550, & 551). (*See* Dkt. 565.) For the reasons outlined below, the court overrules Plaintiff's objections and affirms the magistrate judge's order.

## BACKGROUND

First, Plaintiff moved to compel Defendant Joseph Klinger to produce "[a]ll records of . . . Klinger's stroke-related memory loss, as described in his deposition testimony, including medical records documenting the stroke and related memory loss." (Dkt. 545 at 1.) In response, Klinger represented that he did not possess the medical records; his medical providers did. (Dkt. 549 at 3.) The magistrate judge credited Klinger's representation, instructed Plaintiff to "follow the applicable Federal Rule of Civil Procedure with respect to obtaining non-party documents," and denied

the motion to compel. (Dkt. 562 at 2.)

Second, Plaintiff moved to compel Defendants to produce "all e-mails, records of administrative proceedings, and other records" that Defendant Ronald Shaw allegedly "identified as withheld" during a deposition. (Dkt. 550 at 1 (cleaned up).) Plaintiff stated that he had "previously briefed the[] issues" and that responsive records, including "Shaw's personnel file" and "e[-]mail communications with federal authorities," had still not been produced. (*Id.* at 4.) Defendants responded that Shaw did not identify any records as withheld through his passing reference to potential e-mail communications during his deposition and that Plaintiff was "attempting to relitigate issues which [he] ha[d] previously unsuccessfully argued." (Dkt. 553 at 5–6.) Defendants further stated that they had "already produced all e[-]mail communications that ha[d] been located regarding [Plaintiff], which include[d] e[-]mails authored by and received by Shaw," and that "Shaw's personnel file was produced to [Plaintiff] on July 23, 2021." (*Id.* at 6–7.)

At the outset, when deciding Plaintiff's motion, the magistrate judge noted that the motion was unclear about the records it sought Defendants to produce. (*See* Dkt. 562 at 2–3 ("*Although not clearly set forth*, Plaintiff appears to request the administrative records referenced by Shaw at his August 8, 2024[] deposition and the e-mails between Shaw and [United States Marshal Eric] Thompson that were referenced by Shaw at his August 8, 2024[] deposition." (emphasis added))). As to the e-mails, the magistrate judge agreed with Defendants that "Shaw's general references to e[-]mails that might have been sent" did not warrant further production of e-mails. (*Id.* at 3.) The

magistrate judge explained: "The [c]ourt previously ordered Defendants to produce e[-]mails that reference Plaintiff. To justify an additional production, Plaintiff must specifically identify e[-]mails that he believes are missing and his basis for that belief." (*Id.*) As to the administrative records, the magistrate judge reiterated the parties' conflicting representations regarding whether Shaw's personnel file was produced, ordered Defendants to "produce[] the referenced disciplinary actions in Shaw's personnel file" to the extent they had not done so, and otherwise denied Plaintiff's motion. (*Id.*)

Third, Plaintiff moved to compel Defendants to produce recordings of his jailhouse telephone calls directly to a court reporter for transcription, instead of producing the recordings to him and then having him mail them to the court reporter. (Dkt. 551 at 3.) According to Plaintiff, production by Defendants to the court reporter was necessary to prevent prison officials from using the mail to interfere with the recordings. (*Id.*) Plaintiff acknowledged that the "issue [was not] defense counsel's fault" but maintained that "the only solution [lay] with . . . Defendants." (*Id.*) Plaintiff cited no legal authority to support his request. (*See id. passim*.) In response, Defendants pointed to this lack of authority and contended that it was not their "responsibility . . . to provide case materials to court reporters at the request of a pro se inmate because he [wa]s having alleged difficulties with his prison officials." (Dkt. 554 at 2.) The magistrate judge agreed with Defendants and denied the motion to compel. (Dkt. 562 at 4.)

## APPLICABLE STANDARDS

When a magistrate judge issues an order on a non-dispositive pretrial matter, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "Clear error is a highly deferential standard of review." *United States ex rel. Bumbury v. Med-Care Diabetic & Med. Supplies, Inc.*, 101 F. Supp. 3d 1280, 1281 (S.D. Fla. 2015) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quotation omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 574. "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case[]law, or rules of procedure." *Merrett v. Liberty Mut. Ins. Co.*, No. 3:10-cv-1195-J-34MCR, 2013 U.S. Dist. LEXIS 135826, at *3–4 (M.D. Fla. Sept. 23, 2013) (cleaned up). "However, where the [m]agistrate [j]udge's order reflects an exercise of judicial discretion, the district court should reverse only when that discretion has been abused." *Bumbury*, 101 F. Supp. 3d at 1281 (citing *Sec. & Exch. Comm'n v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012)).

Although courts "give liberal construction" to documents filed by pro se plaintiffs, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), pro se plaintiffs are still "required . . . to conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304

(11th Cir. 2002). *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))).

## ANALYSIS

Having reviewed Plaintiff's motions to compel (Dkts. 545, 550, & 551), Defendants' responses to the motions (Dkts. 549, 553, & 554), the magistrate judge's order on the motions (Dkt. 562), and Plaintiff's objections to the order (Dkt. 565), the court concludes that no part of the order is clearly erroneous or contrary to law. As to the first motion to compel, Plaintiff faults the magistrate judge for accepting Klinger's representation, complains that he lacks sufficient time before the discovery deadline to identify and serve third-party medical providers, and contends that Klinger's failure to "mention not having the records" amounts to waiver. (Dkt. 565 at 3, 10–11.) On this record, the magistrate judge did not err in crediting Klinger's representation that he did not possess the requested medical records, and because Klinger could not produce what he did not possess, Plaintiff's other arguments do not establish that the order is clearly erroneous or contrary to law for denying the first motion to compel. *See Bloodworth v. United States*, 623 F. App'x 976, 979 (11th Cir. 2015) (discerning no abuse of discretion in the district court's denial of a pro se plaintiff's motion to compel when the requested document "was not in the [defendant]'s possession" but "was held by" a third party).

As to the second motion, Plaintiff asserts that the magistrate judge "erred in

finding that Shaw had already conducted an adequate search, in applying an incorrect standard, and in failing to enforce waiver." (Dkt. 565 at 10; *accord id.* at 3–4.) The court disagrees. The magistrate judge considered Shaw's deposition testimony, relied on Defendants' representations regarding records already produced, and explained that for Defendants to be compelled to produce other e-mails, Plaintiff must identify the e-mails and the basis for his request. (*See* Dkt. 562 at 3.) Shaw's deposition testimony does not compel a finding that Defendants failed to produce requested records. (*See, e.g.*, Dkt. 552-9 at 40 ("Q. Did you ever communicate with [Thompson] by e[-]mail? A. Most of it was telephonic, but I'm sure there were some e[-]mails.").) Plaintiff has not otherwise shown that Shaw identified any records as withheld. (*See* Dkts. 550 & 565.) Given that Defendants denied withholding any responsive records, (Dkt. 553 at 2, 6–7), the magistrate judge did not "apply[] an incorrect standard," (Dkt. 565 at 10), by requiring Plaintiff to "specifically identify" any allegedly missing e-mails, (Dkt. 562 at 3). *See Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091-Civ-Ryskamp, 2008 U.S. Dist. LEXIS 117391, at *12 (S.D. Fla. Dec. 17, 2008) ("find[ing] no basis to compel any further compliance" with a discovery request when the parties moving to compel "made no attempt to narrowly tailor their request by specifically explaining or identifying" the materials "yet to be produced" even though the opposing party "represent[ed] that it ha[d] fully complied"). Again, Defendants could not produce what they did not possess: they could not produce any withheld responsive records if no responsive records had been withheld. *Cf. Bloodworth*, 623 F. App'x at 979. Accordingly, the magistrate judge's order is not clearly erroneous or

contrary to law for denying Plaintiff's second motion to compel.

As to the third motion to compel, Plaintiff argues that the magistrate judge erred in agreeing with Defendants that he lacked the authority to compel them to produce the recordings to the court reporter. (Dkt. 565 at 2–3, 7–9.) Plaintiff submits that the Federal Rules of Civil Procedure and the court's inherent powers authorized the magistrate judge to grant the motion. (*Id.* at 9.) Plaintiff misunderstands both Defendants' response to the motion and the magistrate judge's order quoting the response. Neither document claimed that the magistrate judge lacked the authority to grant Plaintiff's motion. (*See* Dkts. 554 & 562.) Rather, both noted that "Plaintiff cite[d] no authority for the relief he request[ed]." (Dkt. 554 at 2; Dkt. 562 at 4.) This statement is true. (*See* Dkt. 551.) Because Plaintiff "failed to support" the third motion with "citations to authority," the magistrate judge was not required to grant it. *See Gulisano v. Cohen*, 34 F.4th 935, 945 (11th Cir. 2022); *see also United States v. Markovich*, 95 F.4th 1367, 1379 (11th Cir. 2024) (explaining that a party "forfeited" an argument when he "cite[d] no legal authority to support it").

## CONCLUSION

Accordingly:

1. Plaintiff's objections (Dkt. 565) to the magistrate judge's order denying his motions to compel are **OVERRULED**.

2. The magistrate judge's order (Dkt. 562) is **AFFIRMED**.

- 8 -

**ORDERED** in Orlando, Florida, on November 27, 2024.

_____<br>
JULIE S. SNEED<br>
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record