UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM A. WHITE,

    Plaintiff,

v.                                                Case No: 6:14-cv-936-JSS-RMN

DONALD ESLINGER, RONALD
SHAW, JOSEPH KLINGER, and
DENNIS LEMMA,

    Defendants.
_____/

## ORDER

In this 42 U.S.C. § 1983 action, Plaintiff, a prisoner proceeding pro se, objects to the magistrate judge's order (Dkt. 586) denying his motion for sanctions (Dkt. 577). (*See* Dkt. 592.) For the reasons outlined below, the court overrules Plaintiff's objections and affirms the magistrate judge's order.

## BACKGROUND

Based on Defendant Ronald Shaw's August 8, 2024 deposition testimony, which referenced disciplinary issues involving Shaw, Plaintiff moved to compel documents that Defendants had allegedly withheld from Plaintiff, including Shaw's personnel file. (*See* Dkt. 550.) Crediting Defendants' representation that they had already produced Shaw's personnel file to Plaintiff, the court denied the motion to compel in November 2024, with one exception: it ordered Defendants to "produce[] the referenced disciplinary actions in Shaw's personnel file" "[t]o the extent that

Defendants" had not done so. (Dkt. 562 at 3, 5; *see* Dkt. 568.) The deadline for discovery and discovery-related motions expired on December 14, 2024. (Dkt. 561 at 1.) Five days later, Plaintiff moved for sanctions under Federal Rule of Civil Procedure 37(b)(2)(A) because Defendants had not produced the referenced disciplinary records. (*See* Dkt. 577.) Crediting Defendants' representation that they had already produced the entirety of Shaw's personnel file, including the disciplinary records, to Plaintiff, the magistrate judge denied the motion for sanctions on that basis and because the motion was untimely. (*See* Dkt. 586.)

## APPLICABLE STANDARDS

When a magistrate judge issues an order on a non-dispositive pretrial matter, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "Clear error is a highly deferential standard of review." *United States ex rel. Bumbury v. Med-Care Diabetic & Med. Supplies, Inc.*, 101 F. Supp. 3d 1280, 1281 (S.D. Fla. 2015) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quotation omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 574. "A magistrate judge's order is contrary to law when

it fails to apply or misapplies relevant statutes, case[]law, or rules of procedure." *Merrett v. Liberty Mut. Ins. Co.*, No. 3:10-cv-1195-J-34MCR, 2013 U.S. Dist. LEXIS 135826, at *3–4 (M.D. Fla. Sept. 23, 2013) (cleaned up). "However, where the [m]agistrate [j]udge's order reflects an exercise of judicial discretion, the district court should reverse only when that discretion has been abused." *Bumbury*, 101 F. Supp. 3d at 1281 (citing *Sec. & Exch. Comm'n v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012)).

Although courts "give liberal construction" to documents filed by pro se plaintiffs, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), pro se plaintiffs are still "required . . . to conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))).

## ANALYSIS

Having reviewed Plaintiff's motion for sanctions (Dkt. 577), Defendants' response to the motion (Dkt. 582), the magistrate judge's order on the motion (Dkt. 586), and Plaintiff's objections to the order (Dkt. 592), the court concludes that no part of the order is clearly erroneous or contrary to law. Therefore, the court overrules Plaintiff's objections and affirms the order.

Regarding the untimeliness basis for the magistrate judge's order, Plaintiff argues that "[t]he [m]agistrate's understanding of 'discovery-related' clearly and erroneously misunderstood the intent behind the [c]ase [m]anagement [s]chedule."

(*Id.* at 2.) The court disagrees. Plaintiff's motion sought to sanction Defendants under Rule 37 for their failure to produce documents referenced during a deposition, and thus, the motion related to discovery. (*See* Dkt. 577.) Accordingly, the magistrate judge did not err in finding the motion untimely for failing to meet the deadline for discovery-related motions. *See DIRECTV, LLC v. Wells*, No. 1:13-CV-28 (WLS), 2014 U.S. Dist. LEXIS 131456, at *11 (M.D. Ga. Sept. 19, 2014) ("[T]his [c]ourt will not award untimely and unsubstantiated requests for sanctions past scheduling deadlines without good cause shown.").

Regarding the other basis for the order, Plaintiff maintains that the magistrate judge committed clear error by crediting Defendants' representation instead of requiring them to show that they had conducted a reasonable inquiry to produce records responsive to Plaintiff's discovery requests. (Dkt. 592 at 2–3.) Again, the court disagrees. Under the circumstances, the court is not "left with the definite and firm conviction that a mistake has been committed." *Anderson*, 470 U.S. at 573. It was a "permissible view[] of the evidence" to conclude that Defendants have not withheld from Plaintiff responsive records related to Shaw's disciplinary history, and the magistrate judge's choice to credit Defendants, thereby taking this view, was not clear error. *Id.* at 574.

Overall, the magistrate judge's decision to deny Plaintiff's motion for sanctions "reflects an exercise of judicial discretion." *Bumbury*, 101 F. Supp. 3d at 1281; *see Marshall v. Segona*, 621 F.2d 763, 766–67 (5th Cir. 1980) ("The bandwidth of the [d]istrict [c]ourt's power to impose Rule 37 sanctions is broad indeed. We will not

interfere unless . . . there has been an abuse of discretion."). Discerning no abuse of discretion, this court affirms the decision. *See Bumbury*, 101 F. Supp. 3d at 1281.

## CONCLUSION

Accordingly:

1. Plaintiff's objections (Dkt. 592) to the magistrate judge's order denying his motion for sanctions are **OVERRULED**.

2. The magistrate judge's order (Dkt. 586) is **AFFIRMED**.

**ORDERED** in Orlando, Florida, on March 4, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record