UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM A. WHITE,

    Plaintiff,

v.                                                 Case No: 6:14-cv-936-JSS-RMN

DONALD ESLINGER, RONALD
SHAW, JOSEPH KLINGER, and
DENNIS LEMMA,

    Defendants.
_____/

## ORDER

Invoking Federal Rule of Civil Procedure 41(a), Plaintiff, William A. White, a prisoner proceeding pro se, moves to dismiss claims from his seventh amended complaint (Dkt. 250): namely, the claims in count eight (negligent infliction of emotional distress) against Defendants Donald Eslinger, Ronald Shaw, and Joseph Klinger, (*id.* at 26); the claims in counts nine (intentional infliction of emotional distress) and ten (battery) against Defendant Dennis Lemma, (*id.* at 26–27); and count eleven (negligent spoliation of evidence) in its entirety, (*id.* at 27). (Dkts. 614, 615.) Defendants do not oppose Plaintiff's motions. (Dkt. 619.) However, Rule 41(a) is not the proper procedural vehicle to dismiss these counts because the rule governs the voluntary dismissal of an "action"—either the "entire lawsuit" or, "in a multi-defendant lawsuit" such as this case, "all the claims against one party." *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1036–37 (11th Cir. 2023)

(quotation omitted). Here, Plaintiff does not seek to dismiss all the claims against any one Defendant; rather, he refers to Eslinger, Shaw, and Klinger as proper Defendants for counts nine and ten and Lemma as a proper Defendant for count eight. (Dkt. 614 at 1–2.)

"The easiest and most obvious" way to dismiss less than an entire action "is to seek and obtain leave to amend the [operative] complaint to eliminate" claims under Federal Rule of Civil Procedure 15. *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018). Rule 15 authorizes a party to amend its complaint before trial with "the court's leave" and instructs the court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The court thus construes Plaintiff's motions to dismiss as motions to amend the seventh amended complaint to eliminate the claims at issue, and it grants the construed motions to amend. *See Transworld Food Serv., LLC v. Nationwide Mut. Ins. Co.*, No. 23-11444, 2023 WL 5841944, at *1, 2023 U.S. App. LEXIS 23940, at *3 (11th Cir. Sept. 11, 2023) ("[A]n ineffective dismissal of claims under Rule 41(a) c[an] be construed as a motion to amend the pleadings under Rule 15[.]" (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004))).

Accordingly:

1. The construed motions to amend (Dkts. 614, 615) are **GRANTED**.
2. The seventh amended complaint (Dkt. 250) is amended such that the claims in count eight against Eslinger, Shaw, and Klinger, the claims in counts nine and ten against Lemma, and all claims in count eleven are **DISMISSED**.

**ORDERED** in Orlando, Florida, on May 14, 2025.

                                             JULIE S. SNEED
                                             UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record