UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM A. WHITE,

    Plaintiff,

v.                                                       Case No: 6:14-cv-936-JSS-RMN

DONALD ESLINGER, RONALD
SHAW, JOSEPH KLINGER, and
DENNIS LEMMA,

    Defendants.
_____/

## ORDER

In this 42 U.S.C. § 1983 case, Plaintiff, a prisoner proceeding pro se, moves to exclude opinions and testimony from Dr. Richard Hough. (Dkt. 618.) Defendants oppose the motion. (Dkt. 622.) Upon consideration, for the reasons outlined below, the court denies the motion.

Plaintiff seeks to exclude three categories of opinions and testimony:

a) all medical opinions of [Dr.] Hough;

b) all testimony regarding Defendants' Exhibits 4, 5, and 6 (respectively, Plaintiff's Exhibits 33, 31[,] and 32 at deposition); and

c) any opinion as to whether [Plaintiff] actually is a "white supremacist[,"] "neo-Nazi[,"] "sovereign citizen[,"] or any similar designation[] or that [D]efendant[] Shaw's or Klinger's decision to segregate [Plaintiff] could have been or was reasonably based on such labels.

(Dkt. 618 at 1.) Plaintiff further states that although it is "not clear whether the [c]ourt wants to wait until trial to take" his objections about Dr. Hough, "the closure of discovery makes it clearer what issues remain," and given the *Daubert*[1] motion deadline, Plaintiff "file[s] now to expand and clarify" the issues previously raised in this case about excluding Dr. Hough's opinions. (*Id*. at 2.)

The instant motion is the third filed by Plaintiff to exclude opinions and testimony from Dr. Hough. (*See* Dkts. 474, 491.) On July 11, 2024, the court entered an order addressing the other two motions. (Dkt. 519.) After conducting a *Daubert* analysis, the court prohibited Dr. Hough from presenting legal conclusions as opinions but otherwise denied the motions. (*Id.*) The court further advised that it would "entertain additional, more specific objections to Dr. Hough's testimony at trial." (*Id.* at 7.)

Defendants contend that Plaintiff's motion should be denied for three main reasons: the court previously ruled on the matter, the court advised that it would entertain more specific objections to Dr. Hough's testimony at trial, and it is not an efficient use of legal resources for Plaintiff to file multiple and repetitive motions. (Dkt. 622 at 2–4.) Further, Defendants note that "Dr. Hough is not a medical doctor and has not provided [a] medical opinion," that the exhibits in question "were attached to [Plaintiff's] deposition . . . and referenced therein," and that "Dr. Hough will testify

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

- 2 -

that it was reasonable," in the lay sense of the word, "to place [Plaintiff] in segregated housing based on . . . reports [from] the U.S. Marshal concerning [Plaintiff]'s affiliation" with white-supremacist, neo-Nazi, sovereign-citizen, and similar organizations but will not opine that Plaintiff was actually affiliated with such organizations. (*Id.* at 4–6.)

The court agrees with Defendants. In particular, the court previously ruled on this matter and determined that it would entertain more specific objections to Dr. Hough's testimony at trial. Accordingly, Plaintiff's motion (Dkt. 618) is **DENIED**. *See Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1311 (11th Cir. 1999) ("The [court's] gatekeeper role . . . is not intended to supplant the adversary system or the role of the jury: vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." (quotation omitted)); *Ma v. Equifax Info. Servs., LLC*, 288 F. Supp. 3d 1360, 1368 (N.D. Ga. 2017) ("Unless evidence is clearly inadmissible on all potential grounds, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." (cleaned up)); *Mills v. State Farm Mut. Auto. Ins. Co.*, No. 3:23-cv-00477-JAR-LLL, 2025 WL 1455991, at *3, 2025 U.S. Dist. LEXIS 98305, at *8–9 (M.D. Fla. Jan. 24, 2025) ("Any objections that [the plaintiff] has to the facts or methodologies on which [the expert] relies . . . may be developed through cross-examination at trial.").

**ORDERED** in Orlando, Florida, on May 29, 2025.

*[Signature]*
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record