UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM A. WHITE,

    Plaintiff,

v.                                                                Case No: 6:14-cv-936-JSS-RMN

DONALD ESLINGER, RONALD
SHAW, JOSEPH KLINGER, and
DENNIS LEMMA,

    Defendants.
_____/

## ORDER

In this 42 U.S.C. § 1983 action, Plaintiff, a prisoner proceeding pro se, sues Defendants for events that allegedly occurred inside their jail. (*See* Dkt. 250.) When Plaintiff filed his motion for summary judgment (Dkt. 630), he also moved to unseal photographs of the jail's interior, which he submitted as exhibits to the summary judgment motion, (*see* Dkt. 631; *see also* Dkts. 630-1, 630-2, 630-3, 630-4, 630-5, 630-66). The magistrate judge denied Plaintiff's motion to unseal. (*See* Dkt. 662.) Plaintiff objects to the magistrate judge's order. (*See* Dkt. 674.) Upon consideration, for the reasons outlined below, the court overrules Plaintiff's objections and affirms the magistrate judge's order.

## BACKGROUND

In September 2021, the magistrate judge then assigned to this case granted Plaintiff's motion to compel in part and ordered Defendants to provide the

photographs of the jail's interior. (Dkt. 324 at 2.) The magistrate judge recognized that Defendants had legitimate security and privacy concerns about providing the photographs, and the magistrate judge addressed these concerns by requiring the parties to enter into a confidentiality agreement, (*see* Dkt. 638-1), and to file the photographs under seal. (Dkt. 324 at 2.) In July 2025, when the magistrate judge presently assigned to this case denied Plaintiff's motion to unseal, the magistrate judge ordered the parties to "continue to abide by the terms of their confidentiality agreement," presumably for the reasons discussed in the prior order. (Dkt. 662 at 1 (citing Dkt. 324).)

## APPLICABLE STANDARDS

Courts "give liberal construction" to pro se filings, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), but "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law," *Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

When a magistrate judge issues an order on a nondispositive pretrial matter, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "Clear error is a highly deferential standard of review." *United States ex rel. Bumbury v. Med-Care Diabetic & Med. Supplies, Inc.*, 101 F. Supp. 3d 1280, 1281 (S.D. Fla. 2015) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). "[A] finding is 'clearly erroneous' when

although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quotation omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 574. "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case[]law, or rules of procedure." *Merrett v. Liberty Mut. Ins. Co.*, No. 3:10-cv-1195-J-34MCR, 2013 WL 5330258, at *1, 2013 U.S. Dist. LEXIS 135826, at *3–4 (M.D. Fla. Sept. 23, 2013) (cleaned up). "However, where the [m]agistrate [j]udge's order reflects an exercise of judicial discretion, the district court should reverse only when that discretion has been abused." *Bumbury*, 101 F. Supp. 3d at 1281 (citing *Sec. & Exch. Comm'n v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012)).

## ANALYSIS

When deciding a motion to unseal, a court considers the following factors:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Further, "a court should consider 'whether the records are sought for such illegitimate purposes as to promote public scandal.'" *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (quoting *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*,

918 F.3d 1161, 1169 (11th Cir. 2019)).

Plaintiff objects to the denial of his motion to unseal, arguing that the magistrate judge failed to "provid[e] any reasoning" for the denial. (Dkt. 674 at 3.) Plaintiff further maintains that the photographs are "subject to the presumptive common law right of access" and "establish many of the key facts of the case" as well as the falsity of some of Defendants' statements. (*Id.* at 6.) According to Plaintiff, Defendants have engaged in "deliberate efforts to deceive the [c]ourt," which are "probative of [their] guilty knowledge, a material fact that calls for unsealing" the photographs. (*Id.* at 7.) Plaintiff also asserts that the photographs no longer pose a security concern because they display areas of the jail now open to the public or no longer used and that Defendants want to maintain the seal merely to avoid "public[] shame[]" and accountability for the unconstitutional conditions of confinement shown by the photographs. (*Id.*) Although Plaintiff refers generally to testimony in this case and asks the court to compare photographic exhibits to discern unauthorized darkening or other alteration, Plaintiff does not support his objections with factual citations. (*See id.* at 6–7.) *See Old W. Annuity & Life Ins. Co. v. Apollo Grp.*, 605 F.3d 856, 860 n.1 (11th Cir. 2010) (explaining that a party forfeits assertions that lack citation to "any authority or supporting facts" (quotation omitted)).

Having reviewed Plaintiff's motion to unseal (Dkt. 631), Defendants' response to the motion (Dkt. 638), the magistrate judge's order denying the motion (Dkt. 662), and Plaintiff's objections to the order (Dkt. 674), the court concludes that no part of the order is clearly erroneous or contrary to law. The reasoning for the denial of the

motion to unseal is the same as the reasoning for the initial requirements that the parties enter into a confidentiality agreement and file the photographs under seal. (*See* Dkts. 324, 662.) Namely, the photographs of the jail's interior raise legitimate security and privacy concerns. (*See* Dkt. 324.) Plaintiff's argument to the contrary lacks factual support. (*See* Dkt. 674 at 7.) The photographs also involve public officials and public concerns. *See Romero*, 480 F.3d at 1246. Moreover, Plaintiff's argument that maintaining the seal allows Defendants to avoid public shame, (*see* Dkt. 674 at 7), is analogous to an argument that unsealing the photographs would "promote public scandal" for Defendants—an "illegitimate purpose[]" for unsealing, *see Callahan*, 17 F.4th at 1363. Therefore, upon considering the applicable factors, the court overrules Plaintiff's objections and affirms the denial of his motion to unseal. *See id.* ("Because district courts are 'in a superior position to decide whether to enter or modify protective orders,' the decision whether to unseal documents is one best left to their 'sound discretion.'" (quoting *Fed. Trade Comm'n v. AbbVie Prods. LLC*, 713 F.3d 54, 61 (11th Cir. 2013))).

## CONCLUSION

Accordingly:

1. Plaintiff's objections (Dkt. 674) to the magistrate judge's order denying his motion to unseal are **OVERRULED**.

2. The magistrate judge's order (Dkt. 662) is **AFFIRMED**.

**ORDERED** in Orlando, Florida, on August 22, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record