UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM A. WHITE,

    Plaintiff,

v.   Case No: 6:14-cv-936-JSS-RMN

DONALD ESLINGER, RONALD SHAW, JOSEPH KLINGER, and DENNIS LEMMA,

    Defendants.
_____/

## ORDER

In this 42 U.S.C. § 1983 case, Defendants have filed a *Daubert*[1] motion to exclude opinions offered by Plaintiff's psychological expert, Dr. Richard M. Samuels. (Dkt. 649.) Plaintiff, proceeding pro se, opposes the motion. (Dkt. 683.) Upon consideration, for the reasons outlined below, the court denies the motion.

## BACKGROUND

Dr. Samuels has provided a forty-page report (including appendices) titled Independent Psychological Evaluation. (*See* Dkt. 649-1 at 3–41.) In the report, Dr. Samuels opines as to the effects of Defendants' alleged misconduct on Plaintiff's psychological health, sets forth his data-driven methodology for arriving at his opinions, and discusses his qualifications in terms of education, training, work experience, professional associations, and publications. (*See id.*)

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

Defendants contend that the report "contains certain opinions of a medical nature [that Dr. Samuels] does not appear . . . qualified to offer" and that Dr. Samuels provides "certain inflammatory opinions about . . . historical references to interrogation techniques," which are irrelevant. (Dkt. 649 at 6.) Defendants further maintain that the opinions offered by Dr. Samuels are unreliable because they are based on only a portion of the evidence and on Plaintiff's self-serving statements. (*Id.* at 6–10, 19–21.) In addition to labelling the opinions unsupported and inflammatory, Defendants describe them as speculative. (*Id.* at 11.) Additionally, Defendants argue that the report is not sworn or verified[2] and is inadmissible hearsay, and they note that other courts have questioned the opinions of Dr. Samuels. (*Id.* at 11–17.) Defendants also assert that the court should exclude any opinions of Dr. Samuels indicating that Plaintiff's injuries were more than de minimis. (*Id.* at 23.)

Plaintiff responds that Dr. Samuels is a licensed psychologist who has been admitted by other courts as a psychological expert. (Dkt. 683 at 4.) With respect to the bases of the opinions, Plaintiff states that Dr. Samuels "conducted an extensive review of records and testimony" including Plaintiff's deposition testimony, "conducted a mental health examination" of Plaintiff in 2019 and "followed up [on the examination] over the past six years," reviewed prior medical reports diagnosing Plaintiff with post-traumatic stress disorder, interviewed Plaintiff's mother, and administered several standardized tests to Plaintiff. (*Id.* at 5.) Plaintiff also asserts that

---

[2] In response to Defendants' argument that the report is not sworn or verified, Plaintiff has submitted a sworn declaration by Dr. Samuels. (Dkt. 683-1.)

Defendants can challenge the opinions through cross-examination. (*Id.* at 15.)

## APPLICABLE STANDARDS

"To fulfil their obligation under *Daubert*, district courts must engage in a rigorous inquiry" focusing on three issues: (1) whether "the expert is qualified to testify competently regarding the matters he intends to address," (2) whether "the methodology by which the expert reaches his conclusions is sufficiently reliable," and (3) whether "the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291–92 (11th Cir. 2005) (quotation omitted). "[T]he party seeking to introduce the expert at trial"—here, Plaintiff—"bears the burden of establishing [the expert's] qualifications, reliability, and helpfulness." *Knepfle v. J-Tech Corp.*, 48 F.4th 1282, 1294 (11th Cir. 2022). The court must "ensure that speculative, unreliable expert testimony does not reach the jury." *McCorvey v. Baxter Healthcare Cor*p., 298 F.3d 1253, 1256 (11th Cir. 2002). "[T]o be admissible, an expert's testimony must be based on more than subjective belief or unsupported speculation." *Haggerty v. Upjohn Co.*, 950 F. Supp. 1160, 1167 (S.D. Fla. 1996) (quotation omitted).

## ANALYSIS

Given his extensive credentials in the field of psychology, (*see* Dkt. 649-1 at 32–41), Dr. Samuels is qualified to testify as an expert regarding his psychological evaluation of Plaintiff. *See United States v. Rahm*, 993 F.2d 1405, 1412–13 (9th Cir.

1993) (finding an expert to be qualified when she was "a clinical psychologist with a doctoral degree" and "her intended testimony related to psychological tests and evaluation"). Further, Dr. Samuels persuasively outlines his methodology in the report, (*see* Dkt. 649-1 at 5–18), and any alleged flaws in the methodology can be addressed through cross-examination, *see Maiz v. Virani*, 253 F.3d 641, 666 (11th Cir. 2001) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking debatable but admissible evidence." (cleaned up)); *see also Fla. Transp. Serv., Inc. v. Miami-Dade County*, No. 05-22637-CIV-JORDAN/MCALILEY, 2009 WL 10696630, at *5, 2009 U.S. Dist. LEXIS 151407, at *14 (S.D. Fla. Dec. 30, 2009) (observing that expert opinions based on information from others are admissible but are "subject to attack at trial as based on self-serving or erroneous assumptions"), *report and recommendation adopted by* 2010 WL 11591198, at *1, 2010 U.S. Dist. LEXIS 162723, at *2 (S.D. Fla. Feb. 12, 2010). The opinions offered by Dr. Samuels are also likely to assist the factfinder because they provide psychological insights into how Defendants' alleged misconduct could have harmed Plaintiff. (*See* Dkt. 683 at 16–17.) *See Martin-Viana v. Royal Caribbean Cruises Ltd.*, 733 F. Supp. 3d 1308, 1333 (S.D. Fla. 2024) (deeming a psychiatrist's testimony helpful to the factfinder because "specific to psychology and psychiatry, clinical experience is the primary means of diagnosis" and the "[p]laintiff established a helpful, valid scientific connection to the pertinent inquiry" (quotation omitted)).

       Plaintiff represents to the court that Dr. Samuels will not testify to matters

outside his report or to "the legal standards of 'physical injury' or 'greater than de minimis'" harm. (Dkt. 683 at 18.) The court notes that Dr. Samuels may not present any legal conclusions at trial. *See Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("An expert may testify as to his opinion on an ultimate issue of fact. An expert may not, however, merely tell the jury what result to reach. A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law." (citations omitted)). The court also notes that although "experts can testify to opinions based on . . . hearsay," experts cannot "simply transmit that hearsay to the jury." *United States v. Mejia*, 545 F.3d 179, 197 (2d Cir. 2008); *see Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1323 (11th Cir. 2022). Here, because Dr. Samuels is not merely transmitting hearsay, is qualified to provide psychological opinions, has used a sufficiently reliable methodology, and is likely to assist the factfinder as to Plaintiff's purported damages, his opinions are not due to be excluded under *Daubert*.

## CONCLUSION

Accordingly, Defendants' *Daubert* motion (Dkt. 649) is **DENIED**.

**ORDERED** in Orlando, Florida, on August 27, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record